**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO:** _____ |
| **v.** | : | **DATE FILED:** _____ |
| **MARIE BEREN** | : | **VIOLATIONS:** |
| | | **18 U.S.C. § 241 (conspiracy to** |
| | : | **deprive persons of civil rights - 1** |
| | | **count)** |
| | : | **52 U.S.C. § 10307(e) (voting more** |
| | | **than once in federal election - 1** |
| | : | **count)** |
| | | **52 U.S.C. § 10307(c) (conspiring to** |
| | : | **illegally vote in federal election - 1** |
| | | **count)** |
| | : | **18 U.S.C. § 2 (aiding and abetting)** |

**INFORMATION**

**COUNT ONE**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1.      The Judge of Elections in the City of Philadelphia, Pennsylvania, was an
elected office and a paid position in which the election official earned approximately $120.00 per
election.   The Judge of Elections was responsible for overseeing the entire election process and
voter activities of his or her Division.   Each Judge of Elections was charged with overseeing the
Division's polling place in accordance with federal and state election laws.   The Judge of
Elections was required to attend Election Board Training conducted by the Philadelphia City
Commissioners.

2.      Consultant # 1, a person known to the United States Attorney, was a
political consultant and former elected official.   As a political consultant, Consultant # 1 held

himself out as an effective and successful political operative capable of ensuring his clients' electoral success.   Consultant # 1 exercised influence and control in Philadelphia's 39th Ward by distributing cash payments and supporting family, friends, and allies for elective office in the 39th Ward, and installing Ward Leaders, Judges of Elections, and Democratic State Committee Persons.

3.      The City of Philadelphia was separated into administrative segments known as Wards, including for purposes of elections.   Each Ward was then separated into Divisions.

4.      In approximately 1988, defendant MARIE BEREN was recruited by Consultant # 1 to serve a Judge of Elections for Philadelphia's 39th Ward, 2nd Division. Approximately four years prior, Consultant # 1 had recruited and installed defendant BEREN as a Committee Person for the Democratic Party in the 39th Ward in the City of Philadelphia.

5.      Defendant MARIE BEREN formally served as the Judge of Elections for Philadelphia's 39th Ward, 2nd Division, from 1988 through 2015.   Beginning in approximately 2010, the polling location for the 39th Ward, 2nd Division, moved to the Seafarer's Union Hall located at 4th and Shunk Streets in Philadelphia, Pennsylvania.   The Seafarer's Union Hall was also the polling location for the 39th Ward, 11th Division and the 39th Ward, 16th Division. Defendant BEREN became the *de facto* Judge of Elections for all three divisions.

6.      Following the 2015 primary election, defendant MARIE BEREN "stepped down" from her formal role as Judge of Elections for the 39th Ward, 2nd Division.   Defendant BEREN became a certified poll watcher and installed a new Judge of Elections, known to the United States Attorney.   In her new capacity as a certified poll watcher, BEREN maintained

access to the polling locations at Seafarer's Union Hall for Philadelphia's 39th Ward, 2nd Division, the 39th Ward, 11th Division, and the 39th Ward, 16th Division.   Although election records for the 39th Ward, 2nd Division, identified another person serving as Judge of Elections, in reality, defendant BEREN continued to effectively run all three Divisions located at the Seafarer's Union Hall from 2015 through at least 2019.

7.      The Judge of Elections was assisted by other Election Board Officials in his or her Division, including the Majority Inspector, Minority Inspector, Clerk, and Machine Inspector.   The Majority Inspector and Minority Inspector were elected offices.   The Clerk was appointed by the Minority Inspector, and the Machine Inspector was appointed by Philadelphia's City Commissioners.   The Majority Inspector, Minority Inspector, and Clerk assisted the Judge of Elections in overseeing the election process at a particular polling place, and they received assignments from the Judge of Elections to enforce voting regulations and procedures.   The Machine Inspector set up the Voting Machines, reset the machines after each voter, and instructed voters in the use of the Voting Machines.   Defendant MARIE BEREN recruited and installed the other Election Board Officials for the 39th Ward, 2nd Division.

8.      Each polling station, including the 39th Ward, 2nd Division, maintained a List of Voters and Party Enrollment, which documented the name, party affiliation, and order of appearance of each voter who appeared at the polling station to cast his or her ballot in the election.   The Lists of Voters and Party Enrollment were maintained as official records by the Philadelphia City Commissioners.

9.      The Voting Machines at each polling station, including the 39th Ward, 2nd Division, generated records in the form of a printed receipt ("results receipt") documenting the

3

use of each Voting Machine which contained:   a) the Opening Zero Count; b) the Election

Board Officials' Opening Certification signatures, c) any Write-in Votes, and d) Vote Totals.

The Judge of Elections and the Election Board Officials at each polling place attested to the

accuracy of machine results by affixing their signatures to the last page of the results receipt.

          10.     The results receipt from each Voting Machine documenting the ballots

cast in an election was placed in a vinyl Cartridge-Results Bag for pickup by a Philadelphia

Police Officer after the close of the polls.   At the end of Election Day, the Cartridge-Results Bag

contained:   a) the paper results receipt; b) the memory cartridge from each Voting Machine; and

c) the Absentee Voter Lists.   These official election records were transported by a Philadelphia

Police Officer to a regional center where the voting data was downloaded and tabulated.   After

the election, the records transported in the Cartridge-Results Bag were stored and maintained at

the office of the Philadelphia City Commissioners at Riverview Place, Delaware Avenue and

Spring Garden Streets in Philadelphia.

          11.     While defendant MARIE BEREN effectively ran the polling places for

Philadelphia's 39th Ward, 2nd Division, the 39th Ward, 11th Division, and the 39th Ward, 16th

Division, Consultant # 1 gave defendant BEREN directions to add fraudulent votes to candidates

supported by Consultant # 1, including candidates for judicial office whose campaigns actually

hired Consultant # 1, and other candidates for various federal, state, and local elective offices

preferred by Consultant # 1 for a variety of reasons.

          12.     From at least in or around May 2015 through at least in or around May

2019, in the Eastern District of Pennsylvania, and elsewhere, defendant

**MARIE BEREN**

4

conspired and agreed with Consultant # 1, and others known and unknown to the United States

Attorney, while acting under color of law, to willfully injure, impede, impair, and oppress certain

legally qualified electors of the United States, being all voters of the 39th Ward, 2nd Division, in

the City of Philadelphia, in the free exercise and enjoyment of their right and privilege, secured

under the Constitution and laws of the United States, of exercising their right to vote undiluted

by false and fraudulent ballots and tallies in the 39th Ward, 2nd Division, in the City of

Philadelphia.

**MANNER AND MEANS**

It was part of the conspiracy that:

13.     On various Election Days, Consultant # 1 transported defendant MARIE

BEREN to the polling station for the 39th Ward, 2nd Division, to open the polls.   During the

drive to the polling station, Consultant # 1 would advise defendant BEREN which candidates he

was supporting so that BEREN knew which candidates should be receiving fraudulent votes.

14.     While the polls were open, defendant MARIE BEREN would advise

actual in-person voters to support Consultant # 1's candidates.   Defendant BEREN would also

cast fraudulent votes in support of Consultant # 1's preferred candidates on behalf of voters she

knew would not physically appear at the polls in the 39th Ward, 2nd Division, thereby diluting the

ballots cast by actual voters.

15.     On Election Day, Consultant # 1 would confer with defendant MARIE

BEREN, while she was at the polling station for the 39th Ward, 2nd Division, about the number of

votes cast for his preferred candidates.   Defendant BEREN would report to Consultant # 1 how

many "legit votes," meaning actual voters, had reported and cast ballots.   If actual voter turnout

was high, BEREN would add fewer fraudulent votes in support of Consultant's # 1's preferred

candidates.   From time to time, Consultant # 1 would instruct BEREN to shift her efforts from one of Consultant # 1's preferred candidates to another.   Specifically, Consultant # 1 would instruct BEREN "to throw support" behind another candidate during Election Day if Consultant # 1 concluded that his first choice was comfortably ahead.

16.     Defendant MARIE BEREN would also permit and encourage individual voters from the 39th Ward, 2nd Division, to cast ballots on behalf of absent family members who had not appeared at the polling station in person.   Defendant BEREN would use her influence with those voters to steer them towards casting ballots for their absent family members in support of candidates supported by Consultant # 1.

17.     Defendant MARIE BEREN, and others known and unknown to the United States Attorney, would falsify the List of Voters and Party Enrollment for the 39th Ward, 2nd Division, by recording the names, party affiliation, and order of appearances for voters who had not physically appeared at the polling station to cast their ballots in the election.   Defendant BEREN, and others known and unknown to the United States Attorney, would then cast fraudulent ballots purportedly on behalf of these eligible voters who had not, in fact, appeared in person to cast ballots themselves.

18.     After the polls closed on Election Day, defendant MARIE BEREN, and others known and unknown to the United States Attorney, would certify the Voting Machine results from the 39th Ward, 2nd Division, by attesting to the accuracy of the paper results receipt placed in the Cartridge-Results Bag with the memory cartridge from each Voting Machine for delivery to the City Commissioners.

19.     Defendant MARIE BEREN, and others known and unknown to the United States Attorney, protected the scheme from detection and prosecution by law enforcement officials as well as from exposure by political candidates and the news media, through means that included the falsification of documents and obstruction of justice.

## OVERT ACTS

In furtherance of this conspiracy and to accomplish its objects, defendant MARIE BEREN, along with Consultant # 1, and others known and unknown to the United States Attorney, committed the following overt acts, among others, in the Eastern District of Pennsylvania:

1.     On or about May 19, 2015, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added fraudulent ballots during the primary election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to state and local offices.

2.     On or about November 3, 2015, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added fraudulent ballots during the general election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to state and local offices.

3.     On or about April 26, 2016, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added fraudulent ballots during the primary election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to federal, state, and local offices.

4.     On or about November 6, 2016, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added fraudulent ballots during the general

election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to federal, state, and local offices.

5.     On or about May 16, 2017, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added fraudulent ballots during the primary election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to state and local offices.

6.     On or about November 7, 2017, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added fraudulent ballots during the general election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to state and local offices.

7.     On or about May 15, 2018, defendant MARIE BEREN arranged for others, known and unknown to the United States Attorney, to add at least approximately fifteen (15) fraudulent ballots during the primary election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to federal, state and local offices.

8.     On or about November 6, 2018, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added at least approximately fourteen (14) fraudulent ballots during the general election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to federal, state, and local offices.

9.     On or about May 21, 2019, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added at least approximately ten (10) fraudulent ballots during the primary election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to state and local offices.

10.     On or about November 5, 2019, defendant MARIE BEREN, and others known and unknown to the United States Attorney, added fraudulent ballots during the general election in the 39th Ward, 2nd Division, on behalf of Consultant # 1's preferred candidates running for election to state and local offices.

In violation of Title 18, United States Code, Section 241.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 11, 13 through 19, and Overt Act 8 of Count One are incorporated herein by reference.

2. In 2018, the general election ballot in the 39th Ward, 2nd Division, in the City of Philadelphia, contained candidates for the office of Member of the United States Senate and Member of the United States House of Representatives.

3. On or about November 6, 2018, in the Eastern District of Pennsylvania and elsewhere, defendant

**MARIE BEREN,**

aided and abetted by Consultant # 1, and others known and unknown to the United States Attorney, voted more than once in a general election held solely and in part for the purpose of selecting and electing any candidate for the office of Member of the United States Senate and Member of the United States House of Representatives.

In violation of Title 52, United States Code, Section 10307(e), and Title 18, United States Code, Section 2.

## COUNT THREE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

       1.      Paragraphs 1 through 11, 13 through 19, and Overt Act 8 of Count One and Paragraph 2 of Count Two are incorporated herein by reference.

       2.      On or about November 6, 2018, in the Eastern District of Pennsylvania and elsewhere, defendant

### MARIE BEREN

conspired with Consultant # 1, and others known and unknown to the United States Attorney, to illegally vote more than once in a general election held solely and in part for the purpose of selecting and electing any candidate for the office of Member of the United States Senate and Member of the United States House of Representatives.

       In violation of Title 52, United States Code, Section 10307(c).

for

**JENNIFER ARBITTIER WILLIAMS**
**ACTING UNITED STATES ATTORNEY**

*No.*_ _ _ _ _ _ _ _ _ _

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania
<u>Criminal Division</u>

## THE UNITED STATES OF AMERICA

vs.

MARIE BEREN

## INFORMATION

Counts
**18 USC Section 241 (Conspiracy to Deprive Persons of Civil Rights – 1 counts)**
**52 U.S.C. § 10307(e) (voting more than once in federal election - 1 counts)**
**52 U.S.C. § 10307(c) (conspiring to illegally vote in federal election - 1 counts)**
**18 U.S.C. § 2 (aiding and abetting)**

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Clerk

Bail, $_____